UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Jerry A. Black, <br><br> Plaintiff, <br><br> v. <br><br> Carolyn W. Colvin, <br> Acting Commissioner of Social Security Administration, <br><br> Defendant. | Case No. 3:13-CV-827-JVB-CAN |

**OPINION AND ORDER**

Plaintiff Jerry A. Black seeks judicial review of the final decision of Defendant Carolyn W. Colvin, Commissioner of Social Security, who denied his application for Disability Insurance Benefits and Supplemental Security Income disability benefits under the Social Security Act. For the following reasons, the Court reverses and remands the decision of the Administrative Law Judge.

**A. Factual and Procedural Background**

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income disability benefits in 2010, alleging disability beginning on November 30, 2010. (R. at 24.) His claim was denied initially, as well as upon reconsideration. Plaintiff requested a hearing with an Administrative Law Judge ("ALJ"). (*Id.*) His hearing was held before ALJ Angela Miranda. On May 4, 2012, the ALJ determined that Plaintiff has not been disabled as defined in the Social Security Act from his alleged onset date through the date of the ALJ's decision. (R. at 32.) The

ALJ's opinion became final when the Appeals Council denied Plaintiff's request for review on June 25, 2013. (R. at 1–4.)

Plaintiff is 48-years-old and has an eleventh grade education. (R. at 61, 173.) He previously worked as a laborer at a packing plant and as a newspaper delivery driver. (R. at 55.) Plaintiff alleges that he became disabled due to problems with lower back pain and osteoarthritis. (R. at 173.)

**C.  Standard of Review**

This Court has the authority to review Social Security Act claim decisions under 42 U.S.C. § 405(g). The Court will uphold an ALJ's decision if it is reached under the correct legal standard and supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This Court will not reconsider facts, re-weigh the evidence, resolve conflicts in the evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005). This Court will, however, ensure that the ALJ built an "accurate and logical bridge from the evidence to his conclusion so that, as a reviewing court, we may access the validity of the agency's ultimate findings and afford a claimant meaningful judicial review." *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002).

**D. Disability Standard**

To qualify for DIB or SSI benefits, the claimant must establish that he suffers from a disability. A disability is an "inability to engage in any substantial gainful activity by reason of

any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration ("SSA") established a five-step inquiry to evaluate whether a claimant qualifies for disability benefits. A successful claimant must show:

> (1) he is not presently employed; (2) his impairment is severe; (3) his impairment is listed or equal to a listing in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) he is not able to perform her past relevant work; and (5) he is unable to perform any other work within the national and local economy.

*Scheck v. Barnhart,* 357 F.3d 697, 699–700 (7th Cir. 2004).

An affirmative answer leads either to the next step or, on steps three and five, to a finding that the claimant is disabled. *Zurawski v. Halter,* 245 F.3d 881, 886 (7th Cir. 2001). A negative answer at any point other than step three stops the inquiry and leads to a finding that the claimant is not disabled. *Id.* The burden of proof lies with the claimant at every step except the fifth, where it shifts to the Commissioner. *Clifford v. Apfel,* 227 F.3d 863, 868 (7th Cir. 2000).

**E. Analysis**

Plaintiff contends that the ALJ erred in two respects: (1) her assessment of Plaintiff's impairments, and (2) her assessment of Plaintiff's RFC and credibility. (DE 17 at 12–26.)

This Court must decide whether the ALJ's assessments were reached under the correct legal standard and supported by substantial evidence—that is, evidence that is relevant and reasonably adequate to support the ALJ's conclusions. *See Briscoe*, 425 F.3d at 351; *Richardson*, 402 U.S. at 401. For the reasons explained below, the Court remands the ALJ's decision.

3

**(1)** *The ALJ's assessment of Plaintiff's impairments*

The ALJ is not required to address every piece of evidence or testimony presented, but must provide "an accurate and logical bridge" between the evidence and her conclusion that a claimant is not disabled. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Under a theory of presumptive disability, a claimant is eligible for benefits if she has an impairment that meets or equals an impairment found in the Listing of Impairments. 20 C.F.R. § 404.1520(d); 20 C.F.R. Pt. 404, Subpt. P, App. 1. The listings specify the criteria for impairments that are considered presumptively disabling. 20 C.F.R. § 404.1525(a). A claimant may also demonstrate presumptive disability by showing that her impairment is accompanied by symptoms that are equal in severity to those described in a specific listing. *Id.* § 404.1526(a). In considering whether a claimant's condition meets or equals a listed impairment, an ALJ must discuss the listing by name and offer more than a perfunctory analysis of the listing. *See Brindisi ex rel. Brindisi v. Barnhart*, 315 F.3d 783, 786 (7th Cir. 2002). If a decision "lacks evidentiary support or is so poorly articulated as to prevent meaningful review," a remand is required. *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir.2002).

In the instant case, the ALJ's analysis of Plaintiff's impairments consists only of two conclusory paragraphs, making meaningful review of the decision impossible. Accordingly, remand is required so that the ALJ may again consider the Plaintiff's impairments.

**(2)** *The ALJ's assessment of Plaintiff's RC and credibility*

As the court finds that the ALJ erred at step three of her analysis, it is unnecessary for the court to address the issues of Plaintiff's RFC and credibility as the ALJ will have to reconsider these matters on remand.

**F. Conclusion**

The Court finds that the ALJ did not build an accurate and logical bridge from the evidence to her conclusions. Thus, the Court reverses and remands the decision of the ALJ for further proceedings consistent with this opinion.

SO ORDERED on February 12, 2015.

                                               S/ Joseph S. Van Bokkelen
                                               JOSEPH S. VAN BOKKELEN
                                               UNITED STATES DISTRICT JUDGE